AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
NCED Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| CAROL APRIL GRAFF | Case Number: 4:13-CR-55-3-D |
| | USM Number: 57957-056 |
| | Brandon S. Neuman/ John E. Branch III/ Kieran Shanahan |

Date of Original Judgment: 8/5/2014
(Or Date of Last Amended Judgment)

Defendant's Attorney

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) 1 of the Criminal Information
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud, Wire Fraud, Offer and Sell Unregistered Securities, and Engage in Unlawful Monetary Transactions | 12/31/2011 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/9/2014
Date of Imposition of Judgment

*/s/ James Dever*
Signature of Judge

| James C. Dever III | Chief U.S. District Judge |
|---|---|
| Name of Judge | Title of Judge |

10/9/2014
Date

DEFENDANT: CAROL APRIL GRAFF
CASE NUMBER: 4:13-CR-55-3-D

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

### Count 1 - 18 months

☑ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant shall receive a medical evaluation and appropriate medical treatment upon entry of the Bureau of Prisons. The court recommends that she serve her term in FCI Alderson, West Virginia, or alternatively, FCI Carswell, Texas.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☑ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CAROL APRIL GRAFF
CASE NUMBER: 4:13-CR-55-3-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

### Count 1 - 3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from [x] excessive [ ] any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CAROL APRIL GRAFF
CASE NUMBER: 4:13-CR-55-3-D

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall submit to financial or consumer credit counseling as directed by the probation office.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

DEFENDANT: CAROL APRIL GRAFF
CASE NUMBER: 4:13-CR-55-3-D

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution**  |
|--------|---------------|----------|------------------|
| TOTALS | $ 100.00      | $        | $ 16,546,247.24  |

☐☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| **See attachment** | | | |
| TOTALS            | $ 0.00          | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for   ☐ fine   ☑ restitution.

  ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CAROL APRIL GRAFF
CASE NUMBER: 4:13-CR-55-3-D

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The special assessment in the amount of $100.00 shall be due in full immediately. Payment of restitution shall be due in full immediately and shall not bear interest. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

| Name | Case Number | Amount |
|---|---|---|
| Carol April Graff | 4:13-CR-55-3D | $16,546,247.24 |
| James Willis Kirk, Jr. | 4:13-CR-55-1D | $16,546,247.24 |
| Glen E. Smith, Jr. | 4:13-CR-55-2D | $16,546,247.24 |
| Thomas L. Kimmel | 4:13-CR-57-1D | $16,546,247.24 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al.<br>Docket No. 4:13-CR-00055-D<br>VICTIM RESTITUTION CHART | |
| --- | --- |
| **VICTIM** | **AMOUNT OWED** |
| Debra K. Adams | $54,665.72 |
| Scott A. Adams | $12,131.00 |
| Patricia K. Agatsuma | $70,693.92 |
| Lorraine Alfred | $49,304.29 |
| Sergio Alvarado | $371,523.26 |
| Atlee R. Anderson | $93,412.50 |
| Janet L. Anderson | $15,959.66 |
| Emma Arroyo | $57,857.00 |
| Jeanne Astick | $50,290.00 |
| McIver and Clara Atkinson | $22,710.00 |
| Robert and Deborah Baldwin | $15,605.00 |
| Matthew C. Balecha | $5,715.30 |
| Nancy Barlament | $3,761.05 |
| Thomas Barlament | $3,771.88 |
| Donald Bean | $142,341.31 |
| Wilma Bean | $39,200.86 |
| Jack and Rita Beaver | $4,600.00 |
| Holly Beth Perry Belisle | $1,417.00 |
| James D. Binney | $172,121.00 |
| Cheryl K. Bogard | $20,700.00 |
| Charles and Linda Boitel | $32,107.00 |
| Darrell Bolton | $111,284.75 |
| Joanie Bolton | $51,367.99 |
| Janis Ann Bonnell | $33,494.80 |
| Robert Bowen | $10,071.01 |
| Jared and Kristy Bowers | $20,700.00 |
| Donna R. Bowman | $46,251.36 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al.<br>Docket No. 4:13-CR-00055-D<br>VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| William and Cricket Boyd | $76,435.81 |
| Sandy A Bozeman (Victory Hill Baptist Church) | $7,330.00 |
| Dean and Patricia Bult | $16,165.72 |
| Michael Bult | $8,153.00 |
| Theresa Callahan | $31,982.07 |
| Michael and Rhonda Campbell | $187,668.35 |
| Bonnie L. Cardin | $32,316.00 |
| Juan and Angela Cardona | $40,400.00 |
| Edward S. Cartlidge | $42,698.59 |
| Champion Baptist Academy c/o Donald Cross | $6,370.00 |
| Helen and Donivan Childers | $25,950.00 |
| Othoniel and Ange Cirilo | $43,800.00 |
| David Clear | $28,465.88 |
| Kristine Combs | $2,988.74 |
| Reva A. Conger | $149,350.64 |
| Richard and Lori Conner | $3,759.14 |
| David B. Connor | $27,662.52 |
| Suzanne Connor | $34,656.15 |
| Arlys Cooper | $76,160.00 |
| Bobby and Yolanda Crawford | $32,650.12 |
| Carmen E. Cross | $7,510.61 |
| Donald R. Cross | $11,492.89 |
| John and Gloria Cross | $22,250.00 |
| Gary and Margaret Crumly | $14,400.00 |
| David and Sheri Dalton | $20,375.00 |
| Caroline Daniel | $11,221.01 |
| Roger Danny Daniel | $11,698.85 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Harold Dark | $70,446.00 |
| Pauline J. Dark | $24,286.81 |
| Steven G. Dassow | $20,427.55 |
| Stephen Davis | $55,280.00 |
| Carolyn DeKnight | $12,440.00 |
| Jean Dy DeLara | $39,773.35 |
| James and Janet Edwards | $100,950.00 |
| Joseph and Crystal Elwell | $113,700.00 |
| Dawn M. Endicott | $25,496.74 |
| Gale A. Epley | $14,292.61 |
| Tilden and Carol Estenson | $88,619.37 |
| Ann Marie Euler | $1,889.89 |
| Daniel Scott Euler | $1,821.16 |
| Gabor Farkas | $94,397.25 |
| Tania A. Fendel | $85,298.64 |
| Gabriel F. Fernandez | $8,397.58 |
| Renee M. Fernandez | $10,649.67 |
| Donna Fieldhouse | $130,600.00 |
| James and Jerry Anne Fish | $10,641.07 |
| Steve Fisher | $13,019.87 |
| Stephen Flukey | $89,314.10 |
| Greg Flynn | $67,200.00 |
| Neil Flynn | $64,842.38 |
| Henry and Belle Folwell | $60,625.00 |
| Stephen E. Fortin | $54,190.81 |
| David J. Gaitan | $27,321.83 |
| Carlos G. Garner | $6,000.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Carl A. Garrison | $107,592.69 |
| Edgar Raymond Gilbert | $31,083.69 |
| Douglas and Conni Goodfellow | $48,250.00 |
| Robert Gordon | $116,063.00 |
| Carol Graff | $28,532.19 |
| Karen Graham | $78,528.12 |
| Reba Greer | $29,878.31 |
| Susan K. Grumley Revocable Living Trust | $60,068.00 |
| Richard and Sarah Hagedom | $3,650.00 |
| Eddy and Linda Haglund | $19,200.00 |
| Will Haglund | $20,167.00 |
| Wilma Hale | $62,800.00 |
| Patricia F. Hambrug | $69,404.54 |
| Peter and Abby Hamilton | $15,681.00 |
| Donna Faye Harvey | $80,681.08 |
| Faye Harvey | $27,039.57 |
| Wilson Lane Harvey | $71,515.71 |
| Patrick John Hayes | $4,480.89 |
| Debra and Michael Haynes | $252,000.00 |
| John and Ok-Kyong Hendrick | $33,450.00 |
| Bonnie Mae Heitzenrater | $11,035.47 |
| Eric Heitzenrater | $3,326.06 |
| Penny S. Henderson | $285,920.23 |
| Donald A. Henderson | $98,067.07 |
| Ronald Adam Henderson | $22,513.50 |
| Viva Kay Hetzler | $35,134.88 |
| Sandra Hickerson | $20,733.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Ray and Susan Highfill | $56,320.00 |
| Sally Hillard | $7,200.00 |
| Hollis Hillman c/o Freedman Baptist Church | $26,300.00 |
| Tracy Lynn Howard | $10,295.16 |
| Raymond Hucko | $24,248.24 |
| Val Jean Hucko | $124,963.25 |
| Larry A. and Janice Hulverson | $35,285.86 |
| Chad Matthew Inman | $425,099.61 |
| Sarah Madeleine Inman | $4,409.31 |
| Faye L. Jalbert | $5,071.00 |
| Joseph P. Jalbert | $10,693.40 |
| John P. Jarvis | $33,711.43 |
| Gerald M. Jasper | $20,037.37 |
| William and Barbara Jefferies | $49,442.00 |
| Elizabeth Jane Jeffers | $9,369.16 |
| Maxine Jeffries – Revocable Living Trust | $68,349.00 |
| Dan and Geraldine Johnson | $3,500.00 |
| Dan D. Johnson | $3,832.67 |
| Geraldine A. Johnson | $3,832.67 |
| James and Rebecca Jones | $169,217.19 |
| Ramona J. Jordan | $67,660.25 |
| Karen and John Kalapp | $34,547.00 |
| Sandor and Katalin Katona | $133,262.06 |
| Charles R. Kelley | $49,275.70 |
| Deborah C. Kennedy | $4,323.63 |
| Ernest Michael Kennedy | $53,998.24 |
| Richard and Sharmaine Kennedy | $238,411.62 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Cathy A. Kimmell | $51,767.37 |
| Christa A. Kimmell | $6,214.54 |
| Frank Kimmell | $7,933.00 |
| Thomas J. Kimmell | $5,002.39 |
| David Wayne King | $143,133.56 |
| Frank and Nancy King | $3,000.00 |
| Kinney Family Trust | $28,600.00 |
| Thomas Franklin Knoerzer, Jr. | $165,184.80 |
| Mary R. Koehler – Revocable Living Trust | $38,643.95 |
| Steven and Dawn Kohansky | $113,515.00 |
| James and Tracie LaCaria | $92,227.00 |
| Ron and Rebecca Lackey | $45,900.00 |
| Doris and Charles A. Lail | $169,303.00 |
| Albert Ronnie Laughlin | $13,834.11 |
| William and Patsy Laycock | $23,875.00 |
| James C. LeClare | $44,425.00 |
| Virginia Leadley | $67,250.00 |
| Jacob Lewis | $13,052.74 |
| Verla Lewis | $11,430.00 |
| Michael D. Longworth | $76,593.48 |
| Dora Alicia Lopez | $21,699.30 |
| Leonard and Marcia Ludwick | $114,686.90 |
| Michele M. Lumsden | $5,563.29 |
| Richard E. Lumsden | $216,657.48 |
| Edith A. Lutz | $1,341.41 |
| Kevin and Christy Maddox | $39,827.00 |
| Mainland Baptist Church | $14,352.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al.<br>Docket No. 4:13-CR-00055-D<br>VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Linda Lee Marchese | $34,828.53 |
| Bob Marette | $4,875.00 |
| Rickey and Tammy McAlister | $24,942.00 |
| Jordon and Eunice McCann | $45,000.00 |
| Terry and Deborah McCarty | $54,200.00 |
| Aaron and Rebekah McCullough (Calvary Baptist Church) | $4,994.00 |
| Alexander S. McDaniel | $63,534.25 |
| Coeburn McDaniel | $129,550.00 |
| William L. McDaniel | $63,534.25 |
| Jimmie D. McKinnies | $29,451.58 |
| Patricia McPherson | $59,560.00 |
| Hendrik and Cornelia Merison | $47,311.33 |
| Charles J. Meyer | $4,224.14 |
| Bryan E. Miller | $29,760.79 |
| Robert Ray Miller | $109,526.92 |
| Joshua R. Miller | $4,447.28 |
| John Harris Mix | $16,894.77 |
| Archie and Annie H. Moore | $52,733.00 |
| Jim and Diane Moore | $42,047.53 |
| Stephen Mark Moore | $18,500.00 |
| Daniel and Hazel L. Morris | $16,000.00 |
| Daniel W. Morris | $29,066.98 |
| Hazel L. Morris | $29,049.02 |
| Donna Louise Murray | $6,711.32 |
| James E. and Pauline Murray | $29,618.97 |
| Michael Conrad Murray | $10,637.24 |
| Rita Marie Muth | $25,046.17 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| David A. Nichols | $35,774.67 |
| Gerardo and Rosemary Nieves | $167,775.91 |
| John and Barbie Nocito | $92,317.00 |
| Ricky Norman | $46,913.41 |
| Doreen A. Ohlin | $14,519.65 |
| John S. Olsen | $19,833.00 |
| Paul S. Osgood | $40,581.24 |
| Pamela A. Overla | $23,505.07 |
| Jimmie Lee Overton | $162,193.33 |
| Larry Dwayne Oxendine | $6,831.52 |
| Catherine Bohm Page | $32,395.00 |
| Irene C. Page | $60,457.00 |
| Derek S. Parker | $29,549.00 |
| Susan and Ronnie Parker | $10,050.00 |
| Virginia Parker | $62,973.00 |
| Wilbur Lee Parker | $56,577.40 |
| James Patrick | $25,200.00 |
| Stephen Michael Pennington | $19,188.12 |
| Alfred Jeremiah Perez | $23,086.07 |
| Justin and Jacqueline Perry | $1,417.00 |
| Michael and Crystal Perry | $19,000.00 |
| Paul and Janet Perry | $78,986.40 |
| Mark and Terry Pfeifer | $11,389.11 |
| Keith V. Phemister | $9,061.18 |
| Tom Pilkington | $4,300.00 |
| Philip and Joyce Pins | $94,000.00 |
| Kenneth O. Pledger | $42,749.04 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Brenda S. Ponder | $9,391.37 |
| Dennis Powers | $49,000.00 |
| Judy Putnam | $31,300.00 |
| Mary Rabe | $38,540.00 |
| Lloyd Reichen | $32,642.00 |
| Zana Reichen | $6,720.00 |
| Richard D. Reihl | $8,091.78 |
| Steven Douglas Resel | $29,113.85 |
| Robert and Sherryl Richey | $252,833.00 |
| Robert Andrew Richey | $180,747.49 |
| Donald M. Rigsbee | $35,580.92 |
| Allison and Karma Ritchie | $18,333.00 |
| Jonathan and Karma Ritchie | $18,333.00 |
| Karma and David Ritchie | $430,464.00 |
| Jonathan Rogers | $138,608.73 |
| Fred P. Rojas, Jr. | $29,197.33 |
| John and Maria Rolleston | $43,391.08 |
| Gladys Rombaoa | $446,000.00 |
| Ronald and Roberta T. Rose | $80,500.00 |
| Steve and Theresa Rovics | $5,777.00 |
| Christopher G. Sage | $4,198.34 |
| Rosa Elena Salas | $145,048.00 |
| Israel C. Saldana, Jr. | $4,941.99 |
| Leonila G. Saldana | $11,200.00 |
| Jesse R. Sawyer | $14,430.00 |
| Sheldon Clair Schearer | $4,521.03 |
| Ontario, Ltd. c/o Martin W and Bonnie L Shepers | $99,000.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Martin and Bonnie Schepers | $92,725.00 |
| Stuart and Donna Schepers | $12,117.00 |
| Paul and Sue Scheuing | $2,912.00 |
| Owen Doug Schipplein | $266,709.23 |
| Julie and Jay A. Schneider | $9,450.00 |
| Norma E and Donald Sears c/o Deborah Longworth | $98,645.00 |
| Bonnie K. Sejba | $23,805.53 |
| Jonathan and Terri Shook | $12,600.00 |
| Judith Lynn Slater | $32,660.41 |
| Lance Slater | $23,790.00 |
| Lee Edward Slater | $39,292.35 |
| Skylar A. Slater | $23,790.00 |
| Amelia V (Sutton) Smith | $90,500.00 |
| George W. Smith | $16,766.04 |
| Jay Paul Smith | $7,087.88 |
| Jean A. Smith | $244,366.00 |
| Pamela L. Smith | $29,440.40 |
| Ray and Pauline Smith | $39,916.67 |
| Elaine L. Snyder | $13,556.44 |
| John F. Snyder | $13,537.08 |
| Lori Ann Snyder | $87,293.03 |
| David Anthony Songco | $10,348.22 |
| Rosemary L. Songco | $20,000.00 |
| Amanda Sponseller | $120,452.51 |
| Samuel and Donna Sprunger | $6,967.00 |
| Robert E. Starrit | $62,911.00 |
| Carlton and Laurinda Stayer | $25,250.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al.<br>Docket No. 4:13-CR-00055-D<br>VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Dr. Joseph and Erin Stewart | $68,195.19 |
| Wesley E. Stover | $83,000.00 |
| Clayton E. Strouble | $25,383.18 |
| David P. Styron | $4,355.20 |
| Ella Surran | $30,864.38 |
| James C. Sutton | $136,736.00 |
| Linda D. Swatts | $35,700.98 |
| Richard Allen Thornburg | $78,704.58 |
| John and Martha Thrall | $38,287.00 |
| Rosa Torres | $24,750.00 |
| Clayton and Betty Tressler | $63,790.00 |
| Ryan and Mary Ann Trueman | $22,350.00 |
| Vo and Norma Truong | $86,000.00 |
| Micheline A. Tuck | $18,621.35 |
| Jason and Christina Tucker | $3,850.00 |
| Steven Turbett | $286,498.22 |
| Sean and Eva Turner | $19,600.00 |
| Robert and Karen Ueltzen | $47,500.00 |
| Arthur Van Deraa | $31,072.18 |
| John and Linda Vaprezan | $44,477.00 |
| Delores E. Velleck | $50,060.00 |
| Michael Charles Vidic | $10,807.73 |
| Rick Vincent | $23,146.73 |
| Bonnie M. Walker | $8,370.21 |
| Donald L. Walker | $6,538.81 |
| Bennie P. Walkup | $14,311.16 |
| Lynn Hardy Wallace | $39,520.00 |

| UNITED STATES v. JAMES WILLIS KIRK, JR. et al. Docket No. 4:13-CR-00055-D VICTIM RESTITUTION CHART ||
|---|---|
| **VICTIM** | **AMOUNT OWED** |
| Carol J. Webb | $7,811.97 |
| Raymond and Marcia Weber | $56,825.00 |
| Stanley and Avelda Weber | $17,075.00 |
| Gerald E. Wells | $67,785.51 |
| Whetstone Baptist Church | $48,650.00 |
| Robert and Rita Whitehouse | $36,417.00 |
| Kenneth B. Wilford, Sr. | $48,335.74 |
| Jeanne Wilford | $49,327.00 |
| Keri and James Wilford | $49,230.00 |
| Lawrence and Mary Williams | $49,161.00 |
| James Glenn Willis | $88,649.38 |
| Linda S. Wilson | $95,837.56 |
| Ernest Winterbottom | $71,469.00 |
| Marilyn A. Wolfe | $21,500.00 |
| Mark L. Wolford | $24,000.00 |
| Sharon K. Womack | $25,400.00 |
| Ramona L. Wrege | $20,438.35 |
| Christopher Adam Yetzer | $9,330.00 |
| Matthew T. Zemacke | $61,699.37 |
| **TOTAL AMOUNT OF RESTITTION:** | $16,546,247.24 |